# 2001 DTA 152

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL II DE BAYAMON, PANEL I

FIDEL GUARBERTO PADILLA SANTIAGO POR SI Y COMO CO-ADMINISTRADOR DE LA SOCIEDAD DE GANANCIALES COMPUESTA POR EL Y SU ESPOSA DOLORES COLON RIVERA
Demandantes-Recurridos

v.

ANTILLES INSURANCE COMPANY, PROPERTY INSURANCE CORPORATION, ANGLO-PUERTO RICAN INSURANCE CORP.
Demandados

ANTILLES INSURANCE COMPANY
Codemandada-Peticionaria

Núm. KLCE-01-00105

San Juan, Puerto Rico, a 20 de abril de 2001

Panel integrado por su Presidente, el Juez Sánchez Martínez,
la Juez Ramos Buonomo y la Juez Cotto Vives

Ramos Buonomo, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La Antilles Insurance Company nos solicita la revocación de la resolución emitida, el 31 de marzo de 1999, por el Tribunal de Primera Instancia, Sala Superior de Bayamón, mediante la cual denegó la solicitud de sentencia sumaria presentada por ésta por razón de que, en el caso de autos, existen controversias de hechos que solamente pueden ser esclarecidas en un juicio ordinario.

Por los fundamentos que pasamos a exponer, se expide el auto de *certiorari* solicitado, se confirma la resolución recurrida y se devuelve el caso ante la consideración del Tribunal de Primera Instancia para la continuación de los procedimientos.

I

El 9 de febrero de 2000, el Sr. Fidel Guarberto Padilla Santiago presentó una demanda, por incumplimiento de contrato y daños y perjuicios, contra la Antilles Insurance en la que alegó que, como consecuencia de los daños sustanciales que sufrió su residencia debido al paso del Huracán Georges por Puerto Rico, sometió una reclamación a la mencionada aseguradora, con quien tenía una póliza en pleno vigor que cubría tal riesgo. Sostiene que la Antilles Insurance, aprovechándose de las circunstancias en que había quedado y bajo la presión de tiempo que significaba el temor de no cumplir con el tan corto término que el contrato de seguros le proveía para someter su reclamación, sólo le pagó la suma de $1,500, negándose, a su vez, a pagarle el resto de los

daños sufridos, los cuales alega ascienden a la cantidad de $36,441.75.

Luego de varios trámites procesales, la Antilles Insurance presentó, sin juramentar, una moción de sentencia sumaria. La Antilles Insurance argumentó principalmente que el Sr. Padilla Santiago firmó un documento denominado Sworn Statement of Proof of Loss en el cual había aceptado que los daños sufridos en su propiedad, cubiertos por la póliza de seguro en cuestión, estaban valorados en $1,500. A su vez, sostuvo que el Sr. Padilla Santiago, en pago de su reclamación, recibió y depositó a su favor un cheque emitido por la mencionada cantidad el cual contenía en su reverso, es decir, en el área donde el Sr. Padilla Santiago tenía que endosar el cheque si iba a cobrarlo, un relevo de responsabilidad que constituye un contrato de transacción extrajudicial bajo el cual el receptor del mismo acepta que la suma de dinero recibida es en pago total y definitivo de la reclamación entablada contra la aseguradora.

Por último, la Antilles alegó que no indujo al Sr. Padilla Santiago a firmar el mencionado relevo por medio de intimidación, dolo o violencia y que, por el contrario, éste lo firmó por su libre voluntad. No obstante, tal alegación no está juramentada, ni tampoco apoyada por documento alguno. ■

Contra tal petición, el Sr. Padilla Santiago presentó una moción en oposición, también sin juramentar, en la cual sostiene que existen controversias sobre hechos esenciales que impiden que el Tribunal de Primera Instancia dicte una sentencia sumaria en el caso de autos. En primer lugar, el Sr. Padilla Santiago sostuvo que, habida cuenta de que la interpretación de los contratos de transacción dependen de elementos de subjetividad, de intención y de los propósitos mentales de las partes, el Tribunal de Primera Instancia, en el caso de autos, no podía determinar que el alegado relevo firmado por éste constituyera un contrato de transacción sin antes auscultar o dilucidar en un juicio plenario, mediante la presentación de evidencia al efecto, la intención de las partes al firmar el mencionado relevo. Sostuvo, por consiguiente, que no era aconsejable resolver el caso mediante una sentencia sumaria.

Además, el Sr. Padilla Santiago argumentó que, por el contrario, en la eventualidad de que el alegado relevo constituya un contrato de transacción, la Antilles Insurance, aprovechándose de su situación y sus circunstancias, lo indujo a error para que firmara el mismo, obligándolo así a renunciar a unos derechos que de otra forma no hubiese renunciado. De esta manera, el Sr. Padilla Santiago sostiene que su consentimiento estuvo viciado y, por ende, el contrato de transacción es nulo.

Trabada la controversia, el 20 de diciembre de 2000, el foro recurrido emitió una resolución en la cual encontró como hechos probados que el Sr. Padilla Santiago tenía una póliza de seguro con la Antilles Insurance que aseguraba su residencia contra los daños que ésta pudiera sufrir por el paso de algún huracán. Además, que el Sr. Padilla Santiago hizo una reclamación a la mencionada aseguradora bajo la referida póliza por los daños sufridos por la residencia asegurada debido al paso del Huracán Georges por Puerto Rico. También concluyó que el Sr. Padilla Santiago firmó el documento denominado Swom Statement of Proof of Loss en el cual aceptó el pago de $1,500 en compensación de todos los daños sufridos por la propiedad. Por consiguiente, el tribunal determinó, como cuestión de derecho, que tal documento constituye un contrato de transacción entre las partes el cual generalmente extingue la reclamación instada.

Por otro lado, el tribunal recurrido concluyó que de los hechos no controvertidos del caso surgía que el Sr. Padilla Santiago es un envejeciente de 67 años de edad que padece de la enfermedad de Parkinson y que la Antilles Insurance no le informó en momento alguno que firmar el documento denominado Swom Statement of Proof of Loss constituia un contrato de transacción mediante el cual aceptaba $1,500 en compensación por todos sus daños. El Tribunal de Primera Instancia determinó, además, que también surgía de los hechos no controvertidos que las partes sólo coincidieron en dos ocasiones, cuando el Sr. Padilla Santiago instó la reclamación ante su aseguradora, y la otra para la firma del contrato de transacción en la cual éste compareció sin la asistencia de abogado, ni persona conocedora en el campo de los seguros; que no se requirió que el documento denominado Sworn Statement of Proof of Loss fuera juramentado ante notario público como se

requiere y surge de dicho documento; y que el Comisionado de Seguros afirmó que la Antilles Insurance era investigada por dicho Comisionado en relación con la manera en que se aplicaron los deducibles a esta reclamación en particular.

En virtud de lo anterior, el foro recurrido determinó que el consentimiento prestado por el Sr. Padilla Santiago al firmar el mencionado documento fue arrancado de una persona necesitada, con el único propósito de derivar una ventaja económica considerable y sustancial. Es decir, el foro recurrido concluyó que hubo dolo, por parte de la Antilles Insurance, en el caso de autos.

No obstante, el Tribunal de Primera Instancia, inexplicablemente, denegó dictar una sentencia sumaria en el caso de autos por razón de que existían controversias de hechos las cuales sólo podían ser esclarecidas en un juicio ordinario. ■

Inconforme con lo anterior, la Antilles Insurance presentó el recurso de *certiorari* que nos ocupa en el que alega, en síntesis, que erró el Tribunal de Primera Instancia al no emitir una sentencia sumaria a su favor por razón de que no medió dolo al otorgarse el contrato de transacción entre las partes. La Antilles Insurance argumenta, además, que erró el foro recurrido al no determinar que el contrato de transacción estaba incluido en el dorso del cheque firmado y cobrado por el Sr. Padilla Santiago en pago de su reclamación al seguro.

Por otro lado, la Antilles Insurance también sostiene que incidió el Tribunal de Primera Instancia al encontrar como un hecho probado el que dicha aseguradora inspeccionó los daños reclamados por el Sr. Padilla Santiago el 28 de diciembre de 1998 y el que la propiedad de éste estaba asegurada contra pérdidas ocasionadas por causa de huracán, sin aclarar que sí lo estaba, pero bajo los términos y condiciones de la póliza de seguro en cuestión. Es decir, que no cubría todos los daños alegados. Por último, alega que erró el foro recurrido al no encontrar como un hecho probado el que el Sr. Padilla Santiago consultó con la Oficina del Comisionado de Seguros antes de aceptar la transacción.

## II

Como se sabe, la Regla 36 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36, autoriza a un tribunal a dictar una sentencia sumaria si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostraren que no hay controversia real sustancial en cuanto a ningún hecho material y que, como cuestión de derecho, debe dictarse la misma, ya fuere a favor o en contra de la parte promovente. *Soc. de Gananciales v. Soc. de Gananciales*, 150 D.P.R. __ (2000), **2000 J.T.S. 26**; *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 D.P.R. __ (1997), **97 J.T.S. 147**; *PFZ Props. Inc. v. Gen. Acc. Ins. Co.*, 136 D.P.R. 881 (1994).

Reiteradamente, el Tribunal Supremo ha resuelto que la sentencia sumaria sólo debe concederse cuando no hay una genuina controversia sobre hechos materiales y el tribunal se convence que tiene ante sí la verdad de todos los hechos pertinentes. *Audiovisual Lang. v. Sist. Est. Natal Hnos., supra; Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 D.P.R. 714 (1986). Esto es, cuando de las declaraciones juradas y de los documentos no controvertidos que se acompañan con la moción surge que no existe una legítima disputa de hecho que dirimir y tan sólo resta aplicar el derecho. *Id.*

Ahora bien, cuando no existe una clara certeza sobre todos los hechos, no procede que se dicte la misma. *Audiovisual Lang. v. Sist. Est. Natal Hnos., supra; Corp. Presiding Bishop CJC of LDS v. Purcell, supra.* Además, cualquier duda sobre la existencia de una controversia sobre los hechos materiales, debe resolverse contra la parte promovente. *Audiovisual Lang. v. Sist. Est. Natal Hnos., supra.*

Además, como se sabe, un tribunal tampoco debe dictar una sentencia sumaria ante alegaciones afirmativas en la demanda que no han sido refutadas. *Soc. de Gananciales v. Soc. de Gananciales, supra; PFZ Props., Inc. v. Gen. Acc. Ins. Co., supra.*

Examinados los documentos presentados ante el Tribunal de Primera Instancia, junto a la solicitud de sentencia sumaria y la oposición a ésta, surge que el Sr. Padilla Santiago tenía una póliza de seguro con la Antilles Insurance que aseguraba su residencia contra los daños que la misma pudiera sufrir a causa del paso de algún huracán bajo los términos, condiciones y exclusiones de la póliza de seguro en cuestión. No obstante, la Antilles Insurance no explicó, ni el tribunal apelado determinó, cuáles de los distintos términos, condiciones y exclusiones eran de aplicación a la reclamación entablada ante la aseguradora por el Sr. Santiago Padilla y cómo éstos afectaban la cantidad a resarcir por daños a la propiedad.

No hay controversia en cuanto a que el Sr. Padilla Santiago sometió una reclamación a la Antilles Insurance por los daños sufridos por su propiedad debido al paso del Huracán Georges por Puerto Rico. Ahora bien, aparece un documento aparentemente firmado por el Sr. Padilla Santiago denominado Sworn Statement of Proof of Loss del cual surge la suma de $1,500 como la cuantía a pagarse por los daños a su residencia. Sin embargo, dicho documento no aparece firmado por funcionario alguno de la Antilles Insurance, ni juramentado ante notario público como prevee el mismo. Además, el documento no refleja la cantidad total de la pérdida y los daños sufridos por la propiedad del Sr. Padilla Santiago.

De otra parte, el Sr. Padilla Santiago recibió el cheque número C05607 de la Antilles Insurance por la suma mencionada, $1,500, según dispuesto en el referido documento. Precisa señalar que el dorso del cheque en cuestión contiene un texto que releva a la Antilles Insurance de cualquier pago adicional que ésta hubiera tenido que hacer por concepto de la reclamación que dio base a dicho pago. El referido texto se encuentra en el área del cheque establecida para el endoso del mismo. Así que el endosar dicho cheque conlleva la firma del mencionado relevo.

Ahora bien, la transacción es un contrato por el cual las partes, mediante recíprocas concesiones, evitan la provocación de un pleito o ponen fin al que había comenzado. Art. 1709 del Código Civil, 31 L.P.R.A. sec. 4281. *Ramos Rivera v. E.L.A.*, 148 D.P.R. __ (1999), **99 J.T.S. 63**; *Neca Mortg. Corp. v. A & W Dev. S.E.*, 137 D.P.R. 860 (1995). Como vemos, para que se constituya un contrato de transacción tiene que existir una situación de controversia entre, al menos, dos personas y la necesidad de recíprocas concesiones entre ellas. *Neca Mortg. Corp. v. A & W Dev. S.E., supra.*

A su vez, cuando dos partes otorgan un contrato de transacción, éstas tienen que considerar los puntos discutidos como definitivamente resueltos y no pueden volver nuevamente sobre éstos. *Neca Mortg. Corp. v. A & W Dev. S.E., supra.* Sin embargo, habida cuenta de que este tipo de contrato está regulado expresamente por lo dispuesto en los Arts. 1709-1718 del Código Civil, 31 L.P.R.A. secs. 4821-4830, el mismo puede dejarse sin efecto o puede impugnarse cuando en el consentimiento prestado por una de las partes otorgantes, media error, dolo, violencia, intimidación o falsedad de documentos. Art. 1716 del Código Civil, 31 L.P.R.A. sec. 4828; *Ramos Rivera v. E.L.A., supra; Febus y otros v. MARPE Const, Corp.,* 135 D.P.R. 206 (1994). Esto es, un contrato de transacción, como todos los demás contratos, está sujeto a que el consentimiento prestado por las partes para su otorgación no esté viciado, es decir, que sea libre y voluntario. 31 L.P.R.A. sec. 3391. ■

En el caso de autos, si bien el Sr. Padilla Santiago endosó y firmó el cheque por $1,500, no obstante, atendidos todos los hechos del caso, no podemos determinar, en este momento, si las partes otorgaron válidamente un contrato de transacción extrajudicial.

Por otro lado, precisa puntualizar que examinadas la solicitud de sentencia sumaria presentada por la Antilles Insurance, así como la oposición a la misma, inclusive los documentos que sometieron ambas partes en apoyo de sus respectivas contenciones, resulta evidente que la Antilles Insurance no cumplió con los requisitos establecidos por la Regla 36 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36, para que un tribunal pueda emitir una sentencia sumaria. Esto es, de los documentos sometidos surge que, en el caso de autos, existe una controversia real sobre los hechos esenciales y pertinentes que impiden que se dicte sumariamente una sentencia. *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 D.P.R. __ (1997), **97 J.T.S. 147**; *PFZ Props. Inc. v.*

*Gen. Acc. Ins. Co.*, 136 D.P.R. 881 (1994); *Presiding Bishop CJC of LDS v. Purcell*, 117 D.P.R. 714 (1986). Específicamente, están en controversia los hechos que demostrarían la existencia o no de dolo o ventaja indebida por parte de la Antilles Insurance que pudieran viciar el consentimiento prestado por el Sr. Padilla Santiago al contrato de transacción en cuestión. Es decir, existe controversia sobre los hechos que establecerían si la Antilles Insurance, aprovechándose de las circunstancias y situación del Sr. Padilla Santiago, lo indujo a firmar el contrato de transacción previamente mencionado. Veamos.

En primer lugar, precisa señalar que la Antilles Insurance sostiene, en apoyo de su contención, de que no existe controversia de hechos relacionada con que no hubo dolo de su parte, en la moción de sentencia sumaria sin juramentar, que la demanda instada por el Sr. Padilla Santiago no tiene alegación alguna de dolo. Sin embargo, el Sr. Padilla Santiago alega en su demanda que la Antilles Insurance, aprovechándose de las circunstancias en que él había quedado y bajo el temor de no cumplir con el tan corto término que el contrato de seguros le proveía para someter su reclamación, sólo le pagó la suma de $1,500, negándose, a su vez, a pagarle el resto de los daños sufridos, los cuales argumenta ascienden a $36,441.75. ■ La anterior expresión es una paráfrasis de una alegación de dolo contra la Antilles Insurance. ■ Adviértase que, como es sabido, las alegaciones hechas en una demanda deberán ser sucintas y sencillas. *Dorante v. Wrangler of P.R.*, 145 D.P.R. __ (1998), **98 J.T.S. 49**; *Rivera v. Insular Wire Products Corp.*, 140 D.P.R. 912 (1996). Estas tienen como fin primordial, el bosquejar a grandes rasgos las reclamaciones de forma tal que el demandado quede informado de la naturaleza general de las contenciones en su contra y pueda comparecer a defenderse si así lo desea. *Id.*

Contra tal alegación, en su moción de sentencia sumaria, la Antilles Insurance alega escuetamente, sin juramentar y sin documento alguno que lo apoye, que no indujo al Sr. Padilla Santiago a firmar el relevo en cuestión por medio de dolo, sino que éste firmó el mismo por su propia voluntad. Esto establece claramente una controversia de hechos relacionada con si la Antilles Insurance incurrió en dolo en el caso de autos. Adviértase que nos enfrentamos a una situación en la cual unas alegaciones afirmativas levantadas en la demanda no han sido refutadas debidamente. Por tanto, en esta circunstancia no procede dictarse una sentencia sumaria. *Soc. de Gananciales v. Soc. de Gananciales, supra; PFZ Props., Inc. v. Gen. Acc. Ins. Co., supra.*

Además, examinados los documentos sometidos por las partes y que obran en el expediente original del caso, específicamente, restan en controversia los siguientes hechos que, como previamente hemos expuesto, son necesarios esclarecer en un juicio para poder dilucidar la controversia referente a la existencia de dolo en el caso de autos. Hay que determinar cuáles fueron y a cuánto ascienden los daños que sufrió la propiedad del Sr. Padilla Santiago. Asimismo, es necesario determinar cuándo y de qué manera éste se enteró de que el valor de los daños alegadamente ascendía a sobre $36,000.

De otra parte, resulta imprescindible dilucidar cuál era la cobertura que la póliza de seguro en cuestión brindaba a la propiedad del Sr. Padilla Santiago, cuáles de las condiciones, exclusiones y términos de dicha póliza eran de aplicación a la reclamación del Sr. Padilla Santiago y en qué forma éstas afectaban la misma. Por ende, hay que establecer a cuánto ascendía la suma de dinero que la Antilles Insurance hubiera tenido que resarcir al Sr. Padilla Santiago de haberle pagado a éste de acuerdo a los términos de la póliza. Nótese que salta a la vista el hecho de la diferencia entre los alegados daños sufridos por la propiedad asegurada según relatados por el Sr. Padilla Santiago y la cantidad pagada a éste por la Antilles Insurance. Esto es, la cubierta de $1,500 aparenta ser muy poca en comparación con los daños relatados por el Sr. Padilla Santiago en el documento denominado Informe de Pérdida Catastrófica, sometido por la propia Antilles Insurance como anejo de su moción de sentencia sumaria.

A su vez, es imperativo determinar cuándo fue que el Sr. Padilla Santiago acudió ante el Comisionado de Seguros, quién fue la persona que lo atendió y cuál fue la consulta que el Sr. Padilla Santiago le hizo a éste. Por consiguiente, resulta también necesario dilucidar cuál fue la recomendación hecha por el funcionario del Comisionado de Seguros y lo que la misma significa. Por último, hay que esclarecer el significado de lo alegado por el Sr. Padilla Santiago, en una declaración jurada, referente a que en la Oficina del Comisionado de Seguros

le instruyeron a cambiar el cheque y repudiar la compensación, en específico, lo que "*repudiar la compensación*" quiere decir.

Tales interrogantes demuestran unas genuinas controversias en los hechos relevantes del caso que impiden que el tribunal dicte sumariamente una sentencia en el caso de autos, *Audiovisual Lang. v. Sist. Est. Natal Hnos., supra; PFZ Props. Inc. v. Gen. Acc. Ins. Co., supra; Presiding Bishop CJC of LDS v. Purcell, supra,* máxime cuando los documentos sometidos no logran refutar la alegación de dolo y ventaja indebida hecha por el Sr. Padilla Santiago. *Soc. de Gananciales v. Soc. de Gananciales, supra; PFZ Props., Inc. v. Gen. Acc. Ins. Co., supra.*

Como un último señalamiento, es necesario puntualizar que si bien es cierto lo alegado por la Antilles Insurance en el sentido de que de los documentos sometidos por las partes en la moción de sentencia sumaria y su oposición no se demuestra dolo alguno de su parte, también es cierto que los mismos documentos no demuestran lo contrario; es decir, que dicha aseguradora no cometió dolo. En esta etapa de los procedimientos, lo anterior resulta ser una controversia de hechos esenciales que impide dictar una sentencia sumaria.

A tenor con todo lo anterior, actuó correctamente el Tribunal de Primera Instancia al declarar sin lugar la moción de sentencia sumaria presentada por la Antilles Insurance en el caso de autos. Regla 36 de Procedimiento Civil, *supra; Audiovisual Lang. v. Sist. Est. Natal Hnos., supra; PFZ Props., Inc. v. Gen. Acc. Ins. Co., supra.*

### III

Por los fundamentos antes expuestos, se expide el auto de *certiorari* solicitado, se confirma la resolución recurrida y se devuelve el caso ante la consideración del Tribunal de Primera Instancia para la continuación de los procedimientos. [6] Por razón de lo aquí resuelto, resulta innecesario expresarnos sobre los restantes errores levantados por la Antilles Insurance relacionados con los otros hechos en el caso de autos.

Así lo acordó y manda el Tribunal y lo certifica la señora Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General

### ESCOLIOS 2001 DTA 152

**1.** Recuérdese que, como previamente hemos expuesto, la moción de sentencia sumaria presentada por la Antilles Insurance no fue juramentada.

**2.** Recuérdese que la revisión se da contra el dictamen y no contra sus fundamentos. *Pagán v. Alcalde Mun. de Cataño,* 143 D.P.R. __ (1997), **97 J.T.S. 76**; *Vélez Rodríguez v. Amaro Cora,* 138 D.P.R. 182 (1995).

**3.** Adviértase que el contrato de transacción, como todos los demás contratos, tiene como requisito que las partes en el mismo den válidamente su consentimiento. 31 L.P.R.A. sec. 3391.

**4.** Además, el Sr. Padilla Santiago sostiene en la oposición a la solicitud de sentencia sumaria, que la Antilles insurance aprovechó sus circunstancias personales y económicas, prácticamente obligándolo a renunciar a su derecho a recibir la compensación completa por el valor del daño sufrido por su propiedad, para pagarle tan sólo la suma $1,500.

**5.** Nótese que la Antilles Insurance entendió que el Sr. Padilla Santiago incluyó en su demanda una alegación por dolo en su contra, pues, en la moción de sentencia sumaria, la mencionada aseguradora alegó lo contrario.

**6.** Precisa aclarar que confirmamos solamente la parte dispositiva de la resolución recurrida a los efectos de que no procedía dictarse sumariamente una sentencia en el caso de autos. Ahora bien, el Tribunal de Primera Instancia dilucidará en un juicio plenario, mediante la presentación de evidencia, todos los hechos del caso, inclusive los necesarios para poder

hacer la determinación de si las partes otorgaron válidamente un contrato de transacción y, por ende, si la Antifies Insurance incurrió en dolo.